JAMES T. CONLEY,  SBN 224174
james.conley@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
500 Capitol Mall, Suite 2500
Sacramento, CA  95814
Telephone:   916-840-3150
Facsimile:    916-840-3159

BRIANA LABRIOLA, SBN 293548
Briana.labriola@ogletree.com
TARA MOHSENI,  SBN 313080
tara.mohseni@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
695 Town Center Drive, 15th Floor
Costa Mesa, CA 92626
Telephone:   714-800-7900
Facsimile:    714-754-1298

Attorneys for Defendant Wal-Mart
Associates, Inc.; DOES 1 to 50, inclusive,

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Aaron Tronti,<br><br>            Plaintiff,<br><br>      vs.<br><br>Wal-Mart Associates, Inc.; DOES 1 to 50, inclusive,<br><br>            Defendant. | Case No. CIVSB2315796<br><br>**DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332 (DIVERSITY JURISDICTION)**<br><br>Action Filed:     July 12, 2023<br>Trial Date:        NA |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AARON TRONTI AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant WAL-MART ASSOCIATES, INC. ("Defendant"), by and through the undersigned counsel, hereby removes the

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1332

above-entitled action from the Superior Court of the State of California for the County of San Bernardino to the United States District Court for the Central District of California pursuant to United States Code, Title 28, Sections 1332, 1441(b), and 1446.  Defendant removes this action on the grounds that: (a) there is complete diversity of citizenship between Plaintiff AARON TRONTI ("Plaintiff"), a citizen of the State of California, and Defendant, a citizen of the States of Arkansas and Delaware; (b) the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in Section 1332(a); and (c) the foregoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this notice of removal, as is more fully set forth below.

## I.      THE STATE COURT ACTION

1.      On or about July 12, 2023, Plaintiff filed an action entitled "*Aaron Tronti vs. Wal-Mart Associates, Inc.; Does 1 to 50, inclusive*" in San Bernardino County Superior Court, Case Number CIVSB2315796 (the "Complaint").  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2.      On or about August 8, 2023, Plaintiff served Defendant a copy of the Summons, Complaint, and Civil Case Cover Sheet through its statutory agent, CT Corporation.  A true and correct copy of the Summons, Complaint, and Civil Case Cover Sheet are attached hereto as **Exhibit B**.

3.      On September 5, 2023, Defendant filed and served its Answer to Plaintiff's Complaint.  A true and correct copy of Defendant's Answer is attached hereto as **Exhibit C**.

## II.     REMOVAL IS TIMELY

4.      A defendant in a civil action has thirty days from the date it is validly served with a summons and complaint to remove the action to federal court.  28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332**

one which is or has become removable"); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that a Defendants' time to remove is triggered by formal service of the summons and complaint).

5.   Here, removal is timely because it took place on September 6, 2023, within thirty days of Defendant's August 8, 2023 service date.

## III.   COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

6.   This timely Notice is based on complete diversity of the parties. Plaintiff is a citizen of the State of California and Defendant is a citizen of the States of Delaware and Arkansas.

7.   **Plaintiff is a Citizen of California**: For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

8.   As set forth in the Complaint, Plaintiff is a resident of Riverside, California and worked for Defendant in the County of San Bernardino, State of California. **Exhibit A**, Complaint, ¶¶ 1-2. As such, Plaintiff is domiciled in and for purposes of diversity jurisdiction is a citizen of the State of California.

9.   **Defendant is Not a Citizen of California**: Pursuant to United States Code, Title 28, Section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The Court held that the "'principal place of business' [as contained in Section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 1184. The Court further clarified that the principal place of business was the place where the corporation "maintains its

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332**

headquarters - provided that the headquarters is the actual center of direction, control and coordination." *Id.*

10.     Defendant is now, and was at the time of the filing of this action, a citizen of a State other than California within the meaning of United States Code, Title 28, Section 1332(c)(1).  Specifically, Defendant, at the time this action was commenced, was (and is still) incorporated under the laws of the State of Delaware, with its principal place of business in the State of Arkansas.  *See Cesena v. Wal-Mart Assocs., Inc.*, No. CV 16-2388-R, 2016 WL 3353931, at *2 (C.D. Cal. June 8, 2016) ("Defendant Walmart, which is incorporated in Delaware and has its principal place of business in Arkansas"); *Elliot v. Wal-Mart Stores, Inc.*, No. 1:09-CV-1420-OWW-GSA, 2009 WL 4253973, at *1 (E.D. Cal. Nov. 24, 2009), *report and recommendation adopted*, No. 1:09CV1420 OWW GSA, 2009 WL 10695076 (E.D. Cal. Dec. 23, 2009) ("Defendant [Wal-Mart] is a corporation incorporated under the laws of the State of Delaware and has its principal place of business in Bentonville, Arkansas.")

11.     Thus, Defendant was not and is not a citizen of the State of California but, rather, is a citizen of the State of Delaware and/or the State of Arkansas for the purpose of determining jurisdiction.

12.     **"Doe" Defendants' Citizenship**: "For purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).  Inclusion of "Doe" defendants in a state court complaint has no effect on removability.  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (in determining whether diversity of citizenship exists, only the named defendants are considered); *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (holding that the rule in the Ninth Circuit is that non-served defendants are not required to join in a removal petition).  Therefore, Plaintiff's inclusion of "Does 1 through 50" in the Complaint cannot defeat diversity jurisdiction.

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332**

## IV.   <u>THE JURISDICTIONAL MINIMUM IS EASILY MET</u>

13.   This Court's jurisdictional minimum of an amount in controversy more than $75,000 is and was satisfied at the time this action was filed, as explained below.

14.   As a threshold matter, the Court may look to the Complaint and the removal papers for underlying facts establishing the jurisdictional limit for removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including compensatory damages, emotional distress damages, punitive damages, statutory penalties, and attorney's fees.  *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347–48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998).  Removal is proper if from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the value of Plaintiff's claims exceeds $75,000.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

15.   "[A]s specified in § 1446(a), a Defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014) (emphasis added).  To meet this relatively low burden regarding the amount in controversy, a defendant may rely on plaintiff's allegations, which are assumed to be true, and provide supplementary facts or numbers upon which the amount in controversy can reasonably be calculated.  *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *Rippee v. Bos. Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (allowing the use of "Defendants' own numbers" for "purposes of analyzing the amount in controversy").

16.   **Penalties**: Plaintiff seeks various penalties under the California Labor Code for meal and rest break premiums, unpaid minimum wages, unpaid overtime wages, inaccurate wage statements, and waiting time penalties presumably from the

start of Plaintiff's employment on or around October 12, 2020 until his termination on or around April 14, 2023. At the start of Plaintiff's employment as a Maintenance Technician he earned $24.85 an hour, and by his termination as a Supply Chain Multi Skilled Technician earned $39.80 per hour. Based on Plaintiff's estimations[1], Plaintiff seeks $65,500 in penalties. **Exhibit A**, Complaint p. 6-7. Prayer, ¶¶1-14.

- $20,000 in meal premiums. (Lab. Code § 226.7(c).)
- $20,000 in rest premiums. (Lab. Code § 226.7(c).)
- $5,000 in unpaid minimum wages. (Lab. Code § 1194(a).)
- $5,000 in unpaid overtime wages. (Lab. Code § 1194(a).)
- $3,500[2] for inaccurate wage statements. (Lab. Code § 226(e)(1).)
- $12,000 in waiting time penalties for unpaid wages. (Lab. Code§ 203(a).)

17.    **Liquidated Damages**: Plaintiff also seeks $5000 in liquidated damages related to his third cause of action for Defendant's alleged failure to pay "California minimum wage for each minute of off-the-clock security screenings and on-duty meal periods" under Labor Code 1194.2(a). **Exhibit A**, Complaint, 22-23 ¶, Prayer ¶6.

18.    **Restitution**: Plaintiff also seeks restitution for his Seventh Cause of Action for Defendant's alleged Unfair Business Practices under the Business & Professions Code § 17200 "equal to the amount of his unpaid wages straight time, overtime, and meal and rest period violations." **Exhibit A**, Complaint, ¶38, Prayer, p. 7, ¶16. Presumably, this will account for allegedly unpaid wages from the start of Plaintiff's employment on or around October 12, 2020 until his termination on or around April 14, 2023.

19.    **Attorney's Fees**: Plaintiff also seeks attorneys' fees in pursuing a

---

[1] Plaintiff alleges his final rate of pay was $39.85 per hour, whereas Defendant asserts it was $39.80 an hour.

[2] Notably, Plaintiff asks for $,3500 in penalties under Labor Code section 226(e)(1) in his Prayer, but in his operative Complaint seeks "the greater of actual damages or $4,000 in statutory penalties". **Exhibit A**, Complaint, ¶ 31.

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332**

majority of his claims, except his Seventh Cause of Action for Unfair Business Practices described above, and the overall costs of suit.  **Exhibit A**, Complaint p. 6-7, Prayer, ¶¶1-19. Requests for attorneys' fees must be taken into account in ascertaining the amount in controversy.  See *Galt G/S, 142 F.3d* at 1156 (claims for statutory attorneys' fees to be included in the amount in controversy, regardless of whether award is discretionary or mandatory).  Recently, the United States District Court for the Northern District of California awarded attorneys' fees to a prevailing plaintiff asserting Fair Employment and Housing Act claims of $550 per hour (for an attorney with 20 years' experience) and $350 (for an attorney with 7 years' experience).  *See Andrade v. Arby's Rest. Grp., Inc.*, 225 F. Supp. 3d 1115, 1144 (N.D. Cal. 2016) (awarding over $42,000 in attorneys' fees for a default judgment); see also *Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC, 2014 WL 2468344, at *3–5 (C.D. Cal. May 30, 2014) (holding that for purposes of calculating the amount in controversy at removal, $300 per hour with 100 hours expended is a conservative estimate of attorneys' fees sought, and noting that employment claims require "substantial effort" from counsel resulting in fees that often exceed damages). Defendant anticipates that the parties will propound written discovery and that depositions will be taken in this case, and that ultimately Defendant will file a Motion for Summary Judgment.  Preparing for and responding to these actions alone is likely to trigger significant attorney's fees.  Therefore, if Plaintiff is successful on his claims, he could be entitled to an award of attorney's fees that itself would "more likely than not" exceed $75,000, as is typical in employment cases.

20.    Accordingly, Plaintiff's claims for lost wages and attorneys' fees, establish on the face of the Complaint that the amount in controversy indisputably exceeds $75,000.

## V.    **VENUE**

21.    Venue lies in this Court because Plaintiff's action is pending in this district and division.  See 28 U.S.C. § 1441(a).  Under United States Code, Title 28,

Section 1441(a), this case may properly be removed to the Central District of California because Plaintiff filed this case in the Superior Court of California, County of San Bernardino. Additionally, Defendant is informed and believes that the events allegedly giving rise to this action occurred within this judicial district.

## VI. SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446

22. In accordance with United States Code, Title 28, Section 1446(a), Exhibits A-C constitute a copy of all processes, pleadings, and orders either served upon or by Defendant. As required by United States Code, Title 28, Section 1446(b), the Notice of Removal was filed within 30 days after Defendant was served with Plaintiff's Complaint. As required by United States Code, Title 28, Section 1446(d), Defendant will provide notice of this removal to Plaintiff through her attorneys of record and a copy of this Notice of Removal will be filed with the Superior Court of the State of California for the County of San Bernardino.

## VII. CONCLUSION

23. Because this civil action is between citizens of different States and the matter in controversy exceeds $75,000, exclusive of interest and costs, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

24. In the event this Court has a question regarding the propriety of this Notice, Defendant requests the Court set an evidentiary hearing so that it may have an opportunity to more fully brief the Court on the basis for this removal.

DATED: September 6, 2023

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:  */s/ James T. Conley*
James T. Conley
Briana LaBriola
Tara Mohseni

Attorneys for Defendant Wal-Mart Associates, Inc.; DOES 1 to 50, inclusive,

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332**

58186916.v1-OGLETREE